Dear Mr. Tillman:
You advise this office that the City of Leesville has created the Leesville Historic District Commission in accordance with the provisions of R.S. 25:736.[1] The *Page 2 
enabling statute provides that "the governing body may pass an ordinance or law creating and establishing a historic preservation district". Appointments to the commission governing an historic preservation district are made by the "chief executive official of the governmental unit" and "said appointments shall be subject to approval by a majority vote of the governing body".
A member of the Leesville Historic Commission holds "public office", as that phrase is defined by R.S. 42:1, stating:
 Public office defined
 As used in this title, the term "public office" means any state, district, parish or municipal office, elective or appointive, or any position as member on a board or commission, elective or appointive, when the office or position is established by the constitution or laws of this state.
 "Public officer" is any person holding a public office in this state.
Your specific question is whether a member of the Leesville Historic District Commission may also serve as a member of the Leesville Planning and Zoning Commission. R.S. 33:103(C)(1), pertaining to parish and municipal planning commissions, governs our response. R.S. 33:103(C)(1) states:
 C.(1) All members of a commission, whether a parish or a municipal planning commission, shall serve without compensation, except as otherwise provided by this paragraph or as otherwise provided by law, and shall hold no other public office, except they may also serve as members of any duly constituted regional commission of which their parish or municipality forms a part. (Emphasis added)
R.S. 33:103(C)(1) prohibits a member of a municipal planning commission from concurrently holding another public office. Thus, the law prohibits one from serving in both positions under review herein. In accord is Attorney General Opinion 03-232, copy attached. *Page 3 
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] R.S. 25:736 provides, in its entirety:
§ 736. Creation of historic district commissions
After final consideration of the report and recommendations of the planning or zoning agency or commission or of the historic preservation study committee, whichever the case may be, and upon determining that creation and establishment of a historic preservation district is in the public interest, the governing body may pass an ordinance or law creating and establishing a historic preservation district. Prior to the enactment of any regulations authorized herein, the planning or zoning agency or commission, or the historic preservation study committee, whichever the case may be, shall submit suggestions to the governing body for a proposed ordinance or law, designed to implement and carry out the recommendations of said agency, commission, or committee and the provisions of the Chapter. The governing body may then review said suggestions, and upon determining that the adoption of said suggestions, or alternatives is desirable, the governing body may have prepared and may pass an ordinance, law, or resolution, whichever may be applicable, enacting appropriate regulations in accordance with the provisions of this Chapter, and in accordance with the following guidelines, terms, and conditions:
(1) The chief executive official of the governmental unit shall appoint an historic preservation district commission consisting of not more than fifteen electors as designated in the ordinance, residing in the area served by the governmental unit, for four year terms each except that the terms of members of the first commission shall be staggered as set forth in the ordinance; and both they and their successors shall serve for four year terms thereafter. In making appointments, preference may be given as far as possible to members of historic, cultural, educational, archaeological, architectural, artistic and preservation organizations. Said appointments shall be subject to approval by a majority vote of the governing body. Only one historic preservation district commission may be established by a governmental unit except as prescribed under R.S. 25:745.
(2) A commission shall elect annually from its own number a chairman, vice-chairman and any other officers it deems appropriate. All members shall serve without compensation. Reasonable rules and regulations not inconsistent with this Chapter may be adopted.
(3) Subject to appropriations by the governing body, services of compensated clerical and technical assistants may be retained. Donations, trusts, contributions and gifts may be accepted by the historic preservation district provided that they are used to further the purposes for which it exists.
(4) Vacancies shall be filled by appointment in the same manner as the original appointments and any member may be appointed for another term or terms.
(5) Any member may be recalled at any time by the governing body for gross inefficiency, fraud or study neglect, by only after an open hearing and upon notice specifying the complaint involved.
(6) Notwithstanding any other provision of law to the contrary, the members of the Donaldsonville Historic District Commission shall be residents and electors of the district.
 OPINION NUMBER 03-0232 *Page 1 
77 OFFICERS; LOCAL MUNICIPAL
R.S. 33:103(B) and (C)(1) A member of the municipal planning commission may hold no other public office.
Ms. Carol M. Shirley Clinton Historic District Commission P. O. Box 8623 Clinton, LA 70722
Dear Ms. Shirley:
You ask this office whether a person may hold a position on the municipal planning and zoning commission while also holding a position on the municipal historic district commission. Our answer is in the negative to your question.
R.S. 33:103(B) and (C) (1) provide:
 § 103. Planning commission; membership; appointment
 * * * * * B. A municipal planning commission shall consist of not less than five or more than nine members, at the discretion of the local legislative body, all to be appointed by the chief executive of the municipality, who may remove any member of the commission, after public hearing, for inefficiency, neglect of duty, or malfeasance in office.
 C. (1) All members of a commission, whether a parish or a municipal planning commission, shall serve without compensation, except as otherwise provided by this Paragraph or as otherwise provided by law, and shall hold no other public office, except they may also serve as members of any duly constituted regional commission of which their parish or municipality forms a part.
State law prohibits one from holding membership with the board of a municipal planning commission and holding any other public office; thus, the positions may not be legally held concurrently.
 Very truly yours,
 RICHARD P. IEYOUB
 ATTORNEY GENERAL
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:ams